IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FALIKOU KONE | : | |
| (A96 208 948) | : | |
| Petitioner, | : | Case No. 4:CV-05-1442 |
| | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | |
| DEPARTMENT OF HOMELAND | : | |
| SECURITY'S IMMIGRATION AND | : | |
| CUSTOMS ENFORCEMENT, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**

**August 26, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Petition for Writ of Habeas Corpus filed pro se by Falikou Kone ("Kone" or "Petitioner").[1] (Rec. Doc. 1). Petitioner seeks immediate release from his alleged unlawful detention in the Clinton County Correctional Facility in McElhattan, Pennsylvania by the Department of Homeland Security's Immigration and Customs Enforcement ("Respondent" or "ICE"). For the following reasons, we find that Petitioner's detention is not unlawful. Accordingly, we will deny the Petition without prejudice.

---

[1] The docket in this case reflects that Petitioner's name is Falikou Kone. However, his most recent submission indicates that his name is Kone Falikou. (See Rec. Doc. 9). For purposes of clarity, we will defer to his name as entered by the Clerk on the docket.

**STATEMENT OF FACTS:**

Petitioner, a native and citizen of the Ivory Coast, entered the United States on September 18, 1995.  (Resp't's Ex. A).  He was convicted on July 23, 2004 in the United States District Court for the Southern District of New York of conspiracy to distribute and possess with intent to distribute heroin; distribution and possession with intent to distribute heroin; conspiracy to commit credit card fraud; and falsely representing the assignment of social security numbers. (Respondent's Exhibit B).  Pursuant to these convictions, Petitioner was sentenced to eighteen months on each count, to be served concurrently, and charged with deportability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act.  See 8 U.S.C. 1227(a)(2)(A)(iii); see also (Resp't's Ex. A).  The Final Administrative Removal Order for Kone's removal to the Ivory Coast was issued on January 11, 2005. (Resp't's Ex. C).

Following completion of his term of imprisonment, Petitioner entered ICE Custody on January 14, 2005.  (Resp't's Ex. D).  On April 5, 2005, the ICE conducted a custody review and recommended that Kone's detention should continue because he posed a potential flight risk and since his travel document

("TD") was forthcoming. Petitioner's April 5 custody review shows that the ICE properly made contact with officials in the Ivory Coast regarding Petitioner's removal and commenced working with the U.S. Embassy in Abidjan, Ivory Coast to verify Kone's citizenship to enable his deportation. According to ICE's "Decision to Continue Detention" (Exhibit E), Kone's case was to be transferred to the Headquarters Post Order Unit ("HQPDQ") as of July 14, 2005, for further periodic review of Petitioner's custody.

**DISCUSSION:**

Petitioner asserts a violation of his statutory rights pursuant to 8 U.S.C. § 1231(a)(6), and substantive due process violations. (Rec. Doc. 1). Petitioner seeks immediate removal because his six month period for detainment has expired, and his removal to the Ivory Coast is not likely in the reasonably foreseeable future.

Pursuant to 8 U.S.C. § 1231(a)(2), aliens facing deportation must be held in custody after the entry of the final deportation order and during the 90-day removal period. Zadvydas v. Davis, 533 U.S. 678, 683 (2001). However, "as the post-removal-period statute provides, the Government 'may' continue to detain an alien who still remains here or release that alien under supervision" subsequent to the 90-day period. Id. (quoting § 1231(a)(6)). The treatment of individuals pursuant to the 90-day removal period is governed by 8 C.F.R. § 241.4, which

requires review by the District Directors and Directors of Detention and Removal Field Offices during the first three months, followed by referral to the HQPDU for further periodic custody determinations.

Accordingly, Petitioner's detention is not unlawful because, as Respondent notes, Petitioner has received review of his custody in accordance with 8 C.F.R § 241.4.  As previously noted, this review has shown:  (1) that ICE is working with officials on the Ivory Coast to obtain the travel documents necessary for deportation; and, (2) Petitioner poses a flight risk and should therefore remain in custody until his deportation.  (Resp't's Exs. D and E.).  Petitioner has presented no evidence to controvert these conclusions beyond letters he himself wrote both to ICE and to the Consulate of the Ivory Coast that do not support his argument that he is entitled to be released under Zadvydas.  (See Pet'r Exs. A and B).[2]  Accordingly, we expect that Petitioner will continue to remain in custody and receive periodic reviews pursuant to § 241.4 pending his deportation to the Ivory Coast.

Our determination will have no bearing on subsequent claims that Petitioner

---

[2] Although in his reply brief, Petitioner states that he believes that a TD is not forthcoming to allow his deportation, his attached letter to the Department of Homeland Security states that "I was very happy to learn that my travel documents were forthcoming." (Pet'r Ex. A).  In light of this acknowledgment, as well as the Respondent's averment that it is working to obtain a TD for Petitioner, we find this portion of his argument to be unavailing.

may raise against ICE, HQPDU, or other officials responsible for his detainment. If Petitioner's deportation is unduly delayed or in the event he does not receive the periodic reviews to which as noted he is entitled, Petitioner may bring a subsequent petition for writ of habeas corpus.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Falikou Kone's Petition for Writ of Habeas Corpus (Rec. Doc. 1) is DENIED without prejudice.

2. The Clerk is directed to close the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge
